IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02552-BNB

ALAN LEWIS,

    Applicant,

v.

RICK THALER, Director, Texas Department of Criminal Justice, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DRAWING CASE

---

I.  Background

Applicant, Alan Lewis, is in the custody of the Texas Department of Criminal Justice and incarcerated at a prison facility in Abilene, Texas.  Mr. Lewis, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  In an order entered on October 12, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action.

On November 2, 2011, Respondent Rick Thaler, Applicant's current custodian in Texas, filed a "Motion to Dismiss for Want of Jurisdiction and Motion for Special Appearance Pro Hac Vice with Brief in Support."  On the same day, The Attorney General for the State of Colorado filed a Pre-Answer Response.  Mr. Lewis replied to both Respondent Thaler's Motion to Dismiss and the Pre-Answer Response.

With respect to Respondent Thaler's Motion to Dismiss, under Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the state officer having actual custody of the applicant and the attorney general of the state of the judgment are required to be named as respondents. Nonetheless, Respondent Thaler is not required to respond unless otherwise ordered to do so by this Court. Respondent Thaler's Motion to Dismiss, therefore, will be denied, but he is not required to file a Pre-Answer Response.

Mr. Lewis was convicted by a jury of attempted first degree sexual assault on an at-risk adult by use of force, third degree sexual assault on an at-risk adult, and third degree assault on an at-risk adult in Morgan County District Court Case No. 00CR23. Pre-Answer Resp., Doc. No. 8-3 at 3. On January 13, 2005, Mr. Lewis was sentenced to twenty years to life on the attempted first degree sexual assault conviction, forty years to life on the third degree sexual assault conviction, and two years on the third degree assault conviction. *Id.*, Doc. No. 8-1 at 7. Mr. Lewis appealed the convictions and sentences. The Colorado Court of Appeals (CCA) affirmed the convictions but vacated the forty year to life sentence and remanded the case to the trial court for resentencing. On July 23, 2008, the trial court resentenced Mr. Lewis to twenty-four years to life in prison on the third degree sexual assault. *Id.* at 2. Mr. Lewis then filed a Colo. R. Crim. P. 35(c) postconviction motion on October 2, 2008. *Id.* The trial court denied the Rule 35(c) motion, and the CCA affirmed the denial on February 17, 2011. *Id.* at Doc. Nos. 8-1 and 8-5. The Colorado Supreme Court denied Mr. Lewis's petition for certiorari review on June 6, 2011. *Id.* at Doc. No. 8-6.

Mr. Lewis asserts two claims in the Application. First, he claims that his guaranteed immunities under the Interstate Agreement on Detainers Act (IADA), Colo.

Rev. Stat. § 24-60-501, Art. IV, were violated when his Colorado state trial was not commenced within 120 days.  Second, he claims that trial counsel was ineffective when he failed to investigate and pursue the IADA violation.  Respondents concede in the Pre-Answer Response that Mr. Lewis's Application is timely and Claim Two is exhausted, but they argue that Claim One is procedurally defaulted in state court.

II. Analysis

The Court must construe liberally the Application and all other pleadings because Mr. Lewis is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will order the Application drawn to a district judge and magistrate judge.

    A.  Exhaustion/Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  See *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*

*v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that Mr. Lewis did not raise Claim One as a federal constitutional claim in state court.  Respondents conclude that as a result Mr. Lewis has not exhausted Claim One, and any new attempt to present Claim One based on a federal constitutional claim in state court would be barred as successive and an abuse of process.

In his Reply to the Pre-Answer Response, Mr. Lewis asserts that the State of Colorado's failure to acknowledge the violations of his rights under the IADA is contrary to the United States Supreme Court precedent in *Alabama v. Bozeman*, 533 U.S. 146 (2001).  Mr. Lewis further argues that the IADA is an "embodiment of federal rights" and based on this embodiment Claim One is a "federal level filing under 28 U.S.C. § 2254(d)." *See* Reply (Doc. No. 10) at 5.

Federal habeas relief is available to Applicant only if he demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see *Foster v. Booher*, 296 F.3d 947, 949 (10th Cir. 2002). The United States Supreme Court has stated that "[f]ederal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982). The IADA is a compact among forty-eight states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States. See *Carchman v. Nash,* 473 U.S. 716, 719 (1985). Adopted as law by the State of Colorado, *see* Colo. Rev. Stat. § 24-60-501, the IADA is a "congressionally sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, and thus is a federal law subject to federal construction." *Carchman,* 473 U.S. at 719.

> Pursuant to Article III(a) of the Interstate Agreement on Detainers,
>
> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

Colo. Rev. Stat. § 24-60-501, Art. III(a).

The Tenth Circuit Court of Appeals has held that the "rights created by the IADA are statutory, not fundamental, constitutional, or jurisdictional in nature." *Greathouse v. United States,* 655 F.2d 1032, 1034 (10th Cir. 1981), *cert. denied,* 455 U.S. 926 (1982). Therefore, an alleged IADA violation might be proper grounds for habeas relief only if "special circumstances" exist. *Knox v. Wyoming Dep't of Corrections,* 34 F.3d 964, 967 (10th Cir. 1994) (quoting *Greathouse,* 655 F.2d at 1034), *cert. denied,* 513 U.S. 1091 (1995). Because Claims One and Two are so intertwined and a determination of special circumstances remains at issue, the Court will not find Claim One procedurally barred at this time.

III. Conclusion

Accordingly, it is

ORDERED that Respondent Thaler's Motion to Dismiss and for Special Appearance (Doc. No. 9), filed November 2, 2011, is denied. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D.

DATED December 28, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge